G. S. CAMPBELL and Z. F. CAMPBELL, Appellants, v. L. A. RICHARDS, JR., and F. L. STEEL.—No. 38690.—176 S. W. (2d) 504.

Division Two, January 3, 1944.

*R. F. Baynes* for appellants.

*Henry C. Riley* for respondents.

TIPTON, J.—This is a suit for specific performance to compel respondents to convey to appellants 160 acres of land situated in New Madrid County, Missouri.

The contract for the conveyance of the land in question was dated December 3, 1940, and later modified April 28, 1941. The terms of the contract, as modified, provided that upon the payment by appellants to respondents of $9,600, payable as follows: $1,300 in cash, a $200 note due December 1, 1941, and the balance of $8,100 to be paid on or before December 31, 1941, the respondents would convey by warranty deed the 160 acres of land to appellants. The contract further provided that, "If on December 31, 1941, said Parties of the First Part [respondents] are not able to give the Parties of the Second Part [appellants] a good and merchantable title to the above described land, the $1,300 paid on the execution of this contract and the above mentioned note of $200, with interest, shall be retained by the Parties of the First Part as rent on said land for the year 1941."

The appellants' petition and the agreed statement of facts show the execution of the above contract and that appellants had paid the $1,300 and the $200 note, with interest, to respondents, and before December 31, 1941, appellants tendered to the respondents $8,100, the balance due under the contract, but respondents refused to accept that sum and give warranty deed to the land.

The respondents' answer and, also, the agreed statement of facts admitted the execution of the contract and $1,300 payment and the payment of the $200 note and the tender of the balance due under the contract, but respondents could not convey to appellants a good and merchantable title to the land because there was then pending in the Supreme Court of Missouri a case instituted by the Edwards Land and Timber Company against these respondents. The object of that suit was to redeem the land in question from a tax sale and to quiet the title in the Edwards Land and Title Company and if the respondents were not successful in the Supreme Court, they would have no title to convey. Therefore, under their contract they did not have

to convey to appellants because they were unable to convey a good and merchantable title. The agreed statement of facts proved the existence of such suit pending, and it is now reported in 349 Mo. 758, 163 S. W. (2d) 581.

Appellants' reply stated that if respondents were not able to convey a good and merchantable title by appellants' tender of the purchase price, the appellants thereby agreed to accept such title as respondents had, and if it was not a good and merchantable title, the appellants waived that provision.

The agreed statement of facts showed that respondents offered to convey the land by a quitclaim deed but appellants refused to accept the quitclaim deed. It also showed that the Edwards Land and Timber Company case was pending in the Circuit Court when this contract was executed.

Under the pleading, the only issue to be determined is whether the appellants could waive the fact that the respondents, on December 31, 1941, did not have a good and merchantable title to this land.

It is the appellants' contention that the part of the contract in which the respondents were to furnish a good and merchantable title was inserted for the protection of the appellants and that they could waive that portion of the contract. Of course, it is a well settled law that a party may waive any conditions of a contract in his favor (Schmidt v. Charter Oak Life Insurance Company, 2 Mo. App. 339), but it is equally true that one party cannot by his waiver affect the rights of the other party to the contract.

Under the plain provision of the contract, the respondents had the right to keep the $1,300 payment and the $200 note as rent if they were unable to give a good and merchantable title by their deed. With the pendency of the Edwards Land and Timber Company case in this court, the respondents were unable to comply with this provision of the contract. Since the appellants could not waive the rights the contract gave respondents, they were within their rights in refusing to execute a warranty deed to this land upon the tender of $8,100 because under the very terms of the contract, respondents had the right to treat the payment already made as rent as they were unable to give a good and merchantable title. No doubt this provision was inserted in the contract because of the pendency of the Edwards Land and Timber Company case when this contract was executed.

Under the pleadings, this is the only question for our review, and the judgment of the circuit court should be affirmed. It is so ordered. All concur.