William F. KOEDDING and August F. Koedding, III, Appellees,

v.

George T. SLAUGHTER, Appellant.

No. 80–1075.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Nov. 13, 1980.

Kevin M. Cushing, St. Louis, Mo., for appellant.

Kenneth C. Brostron, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, BRIGHT and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

In this diversity case, William Koedding and August Koedding, III were awarded a $135,000 judgment against George Slaughter for breach of a contract involving the purchase and sale of the Holiday Inn in Rolla, Missouri. The district court's opinion is reported at 481 F.Supp. 1233 (E.D.Mo. 1979). On appeal, Slaughter claims alternatively that (1) the contract was unenforceable; (2) the Koeddings breached the contract; and (3) the liquidated damage clause limited the award of damages to $10,000. We affirm the judgment of the district court.

In 1977, the Koeddings decided to sell their Holiday Inn located in Rolla, Missouri.

McRoberts & Co. Realtors (McRoberts) contacted the Koeddings to assist them in finding a buyer. After conferring with the Koeddings, McRoberts contacted Slaughter, who then made an offer by sending the Koeddings a draft sales contract prepared by McRoberts. The Koeddings suggested changes which were incorporated in a new contract. The new contract was signed by the parties on May 10, 1978. The contract price was $1,200,000.

Slaughter paid $10,000 into escrow which was to be applied to the purchase price. The contract stipulated that the purchase by Slaughter was contingent upon several events: (1) the completion of an agreement "which will contain the details of the ultimate sale;" (2) the buyer obtaining a new Holiday Inn franchise or an agreement from Holiday Inn to grant a franchise after upgrading not exceeding $200,000 in cost; and (3) the buyer obtaining a loan or loan commitment and the franchise commitment within 30 days of the contract date. Closing was scheduled for 60 days from the contract date.

Slaughter did not obtain the loan or a written loan commitment or the franchise agreement within the 30 day period. In mid–June, McRoberts discussed the problem with Slaughter, who responded by sending the Koeddings a telegram on June 16, 1978 waiving *all* contingencies in the contract; Slaughter thereafter continued his efforts to obtain the franchise agreement.

When the July 9 closing date passed, Slaughter still had not been successful in obtaining a franchise. The Koeddings insisted on the payment of an additional $50,000 into escrow as a condition to extending the contract. Slaughter refused to make an additional payment and ceased work on the franchise application. The Holiday Inn was subsequently sold to another buyer for $1,000,000, and the Koeddings sued for the difference between the purchase price and the contract price.

*Enforceability of the Contract.*

Slaughter claims the contract is not enforceable because it did not include all

essential terms of the bargain. The contract contained a clause stating that the purchase was subject to a further agreement containing the "details of the ultimate sale." These details apparently included terms such as the number of rooms in the hotel; the legal description of the property; and the disposition of furniture, credit card charges, accounts receivable, prepaid rents, food and beverages, and cash on hand. The parties had agreed to essential terms, including the identity of the property, the price and method of payment, and the closing date. The parties themselves agreed that the remaining matters were "details", and the district court concluded these were not essential terms. We find no error in this conclusion. *See Allied Disposal, Inc. v. Bob's Home Service, Inc.*, 595 S.W.2d 417 (Mo.App.1980); *Purvis v. United States*, 344 F.2d 867 (9th Cir. 1965). *See generally* Restatement (Second) of Contracts § 32, Comment a, (Tent. Draft, 1973); 1 S. Williston, A Treatise on the Law of Contracts § 48 (3d ed. 1957).

■ Slaughter also contends the contract's description of the property was insufficient to satisfy the statute of frauds, Mo.Ann.Stat. § 432.010 (Vernon 1952). The contract described the property as the "Holiday Inn of Rolla, land and buildings located on Martin Spring Drive in the City of Rolla, County of Phelps, Missouri." The district court concluded that the statute was satisfied by a description that was sufficiently clear to permit the use of parol evidence to supply further details. We must agree.

Under Missouri law it is settled that: The land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper; but the writing must afford the means whereby the identification may be made perfect and certain by parol evidence.

*Herzog v. Ross*, 355 Mo. 406, 409, 196 S.W.2d 268, 270 (1946) (quoting *Black v. Crowther*, 74 Mo.App. 480 (1898)).

In *Ray v. Wooster*, 270 S.W.2d 743 (Mo. 1954) a contract for the sale of a farm described as "my farm known as Oak Hill Farm" was held sufficient since the farm was generally known in the community by that name and the defendant owned no other farm. In the present case, there exists no genuine controversy as to the particular Holiday Inn in question. *See Wilt v. Waterfield*, 273 S.W.2d 290, 294 (Mo.1954).

■ Slaughter also urges the contract was not enforceable since it was contingent upon his completion of the financing and the buyer obtaining a franchise agreement within 30 days. Neither condition was met by June 10, 1978. However, Slaughter sent a telegram on June 16 which waived all contingencies in the May 10 contract. It is well settled that a party may waive any conditions of a contract in his favor. *Campbell v. Richards*, 352 Mo. 272, 176 S.W.2d 504, 505 (1944). Slaughter claims, however, that his waiver was not knowing and intentional. There is no basis for this conclusion. Slaughter sent a telegram to the Koeddings which waived the conditions in clear and unequivocal language. Slaughter also argues that the waiver was ineffective because it lacked consideration and it occurred after the passage of the thirty days. This argument has little merit. A promise to perform despite the failure of conditions of this nature may be made after the time set for the conditions' occurrence and requires no further consideration. *See generally* Restatement of Contracts §§ 88, 297 (1932); 3A A. Corbin, Corbin on Contracts §§ 752, 753 (1960); 5 S. Williston, *supra* at § 693 (1961); *Oleg Cassini, Inc. v. Couture Coordinates, Inc.*, 297 F.Supp. 821, 830 (S.D.N.Y.1969); *United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357–58 (Tex.1971).[1]

---

1. Restatement § 88(1) states:

    [A] promise to perform all or part of an antecedent conditional duty in spite of the non–occurrence of the condition is binding, whether the promise is made before or after the time for the condition to occur, if performance of the condition is not a substantial part of what was to have been given in exchange for the performance of the antecedent duty, and if the uncertainty of the happening of the condition was not a substantial element in inducing the formation of the contract.

Here, the contractual duty was purchase of the real estate; Slaughter promised to perform this duty despite the nonoccurrence of the condition of obtaining financing and a franchise within thirty days. Neither the financing nor the franchising arrangements can be regarded as "part of what was to have been given in exchange for the performance of the ... duty,"[2] since the Koeddings bore no responsibility for obtaining these commitments.[3]

■ Alternatively, Slaughter argues the Koeddings breached the contract by failing to provide an abstract of title within ten days of signing the contract and failing to provide a recent inspection report. The record shows the Koeddings had obtained an abstract and were prepared to make it available to Slaughter, but Slaughter made no direct request to the Koeddings and never demanded compliance with the ten day deadline. In fact, throughout this period Slaughter was still engaged in efforts to obtain financing and a franchise and was never ready to close. Similarly, there was no direct request to the Koeddings for a recent inspection report, and Slaughter indicated he would attempt to obtain this report directly from Holiday Inns. Under these circumstances, we find no error in the district court's conclusion that these breaches were not material and became significant to Slaughter only when this litigation began.

### Liquidated Damages.

■ Finally, Slaughter claims that the Koeddings should be limited to $10,000 in damages because of a clause in the contract which states that if "the buyer fails to comply with the requirements of this agreement ... the money deposited [$10,000] shall be paid over to the seller as liquidated damages, actual damages being impossible to ascertain, and this agreement may or may not be thereafter operative, at the option of the seller." The seller's agent was to receive one-half of the $10,000. The district court concluded the liquidated damages clause was void as a penalty and that the Koeddings retained the option of enforcing the agreement and seeking damages for the breach. We agree that this provision is not enforceable. Under Missouri law, it is settled that a clause in which the seller retains the option of enforcing the agreement is not a true liquidated damage clause. See *Robert Blond Meat Co. v. Eisenberg*, 273 S.W.2d 297 (Mo.1954). On this basis the seller maintained his right to sue for actual damages.

### Costs.

■ Under Eighth Circuit Rule 11 each party is required to designate only that portion of the record relevant to the issues on appeal. This court routinely issues a notice to all counsel appealing cases in this circuit that the record is *not* to include the trial briefs of the parties submitted in the district court. In the instant case both sides separately designated the record for appeal to include their trial and post-trial briefs submitted to the trial court. This required the needless copying of a voluminous record. In the future, we direct all district court clerks *not* to include trial briefs in the designated record for appeal, even those designated by the parties. In the event there is an exceptional need for such briefs, this court can direct the clerks accordingly. In view of the violation of our rules, we require each party to pay its own costs on this appeal.

Judgment affirmed.

---

**2.** *Id.*

**3.** Missouri cases relied upon by Slaughter to prove the necessity of additional consideration are distinguishable. *Conservative Fed. Sav. & Loan Ass'n v. Warnecke*, 324 S.W.2d 471 (Mo.App.1959) did not involve the waiver of a condition but a claimed waiver of an escalator clause in a lease. In *S. G. Adams Printing & Stationery Co. v. Central Hardware Co.*, 572 S.W.2d 625 (Mo.App.1978) and *Smith v. Githens*, 271 S.W.2d 374 (Mo.App.1954) the courts were dealing with attempts to modify or add contractual terms rather than to waive conditions.