MEYER SUPPLY COMPANY, Plaintiff–Appellant,

v.

David G. LANE, et al., Defendants–Respondents.

No. 52816.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 15, 1987.

Edward E. Calvin, Cape Girardeau, for plaintiff-appellant.

Robin Edward Fulton, Fredericktown, for defendants-respondents.

DOWD, Presiding Judge.

Plaintiff material company appeals following the trial court's dismissal of its petition for mechanic's lien. We reverse and remand.

In reviewing judgments of dismissal all facts alleged in the petition are treated as true. *Lipton Realty v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 (Mo.App. 1986). With that standard of review in mind, the facts are as follows.

The First Freewill Baptist Church of Cape Girardeau entered into a contract with a general contractor to construct a new church building on 6.37 acres of land in Cape Girardeau. The general contractor contracted the plumbing work to a subcontractor.

Plaintiff Meyer Supply Company (hereinafter appellant) is in the business of selling plumbing materials and general hardware items. The subcontractor contracted with appellant for plumbing and hardware materials to be used in the construction of the church building. From August 1985 to November 1985, appellant supplied these materials to the subcontractor on credit. The subcontractor failed to pay for these supplies and ultimately filed bankruptcy.

In accordance with Missouri law governing mechanic's liens, Chapter 429, RSMo, appellant gave timely notice to the owners of the church building and improvements that appellant intended to file a mechanic's lien. Thereafter, appellant filed a timely lien in the circuit court containing a "just and true account" of the demand due him.

Appellant filed its petition to enforce the mechanic's lien in August 1986, naming as defendants the owners of, and those with an interest in, the church building and improvements, the general contractor, and the subcontractor. In September 1986, the subcontractor filed a suggestion of bankruptcy with the court, notifying the court that he had petitioned for relief in federal court under Chapter 7 of the Bankruptcy Code.

In October 1986, all defendants except the subcontractor filed a motion to dismiss. On January 9, 1987, the subcontractor was discharged in bankruptcy but did not file a copy of the discharge with the court nor did the subcontractor move to be dismissed from the action. Thereafter, on February 10, 1987, instead of dismissing from the case only those defendants who moved for dismissal, the court ordered appellant's petition dismissed.

On February 26, 1987, appellant filed a notice of appeal in this court, appealing from the order of the circuit court dismissing appellant's petition. Appellant named as respondents all defendants except the subcontractor. On June 2, 1987, the circuit court amended *nunc pro tunc* its February 10, 1987 order dismissing appellant's petition to an order dismissing only the moving defendants (respondents) from the cause and not the subcontractor.

The subcontractor, on June 5, 1987, filed a motion to dismiss based on his discharge in bankruptcy and submitted to the circuit court a copy of the federal order of discharge. On June 17, 1987, the circuit court ordered the subcontractor dismissed from the cause.

The first issue we must address is whether we have jurisdiction to rule on the merits on this appeal, that is whether there has been a final judgment disposing of all parties and all issues. We need not address the propriety of the court's *nunc pro tunc* amendment of the order dismissing appellant's petition to convert it to an interlocutory order dismissing only the moving defendants. The judgment became final following the court's June 17, 1987 order dismissing the remaining defendant from the cause, as all issues and parties were disposed of as of that date. *See, Beasley v. Affiliated Hospital Products*, 713 S.W.2d 557, 558–59 (Mo.App.1986). Rule 81.05(b) provides that a premature notice of appeal shall be considered as filed immediately after the time the judgment becomes final

and this Rule applies "'in any case' in which the notice of appeal precedes the time an appealable judgment appears." *State ex rel. State Highway Commission v. Tate*, 576 S.W.2d 529, 531 (Mo. banc 1979). Jurisdiction is accordingly vested in this court to decide the substantive issues of this appeal.

In addressing the merits of this appeal, the circuit court did not specify the theory upon which it based its ruling in sustaining respondents' motion to dismiss. The court, however, limited oral argument on the motion to two issues presented in the motion to dismiss and requested legal memoranda solely on these two issues. Likewise, the parties have addressed only these two issues in their appellate briefs. We, therefore, presume the court's ruling was based on one or both of these two grounds.

■ The first asserted ground for dismissal is that appellant failed to plead that any of respondents were served with the actual mechanic's lien filed with the circuit court. We conclude Missouri law governing mechanic's liens does not require a claimant to serve the property owner with a copy of the lien.

Section 429.100, RSMo 1986, sets forth the notice requirements and provides that one other than the original contractor must give ten days notice to the owners of the building or improvements, notifying them that the claimant has a demand against the building or improvements. The notice must include the amount that is due and from whom that amount is due. In its petition, appellant pleaded compliance with these statutory requirements. This section does not require the claimant to serve the owner with a copy of the lien.

Section 429.080 governs the filing of the mechanic's lien. It provides that anyone who wishes to obtain the benefit of a mechanic's lien must file "with the clerk of the circuit court of the proper county a just and true account of the demand due him." Appellant likewise pleaded compliance with the requirements of this statutory section. Nowhere does this section, either in the version applicable at the time the petition was filed, § 429.080, RSMo 1978, or in the current version, § 429.080, RSMo 1986, require that a copy of the lien statement filed with the circuit court be served on the owner of the building or improvements.

The purpose of the requirement of ten days notice before filing a lien is to warn the property owner that there are outstanding claims so that he may withhold payment from the original contractor. *R.L. Sweet Lumber Co. v. E.L. Lane, Inc.*, 513 S.W.2d 365, 370 (Mo. banc 1974). Notice also gives the owner the opportunity to discharge the debt before the lien is filed. The requirement that the lien statement be filed with the circuit court and that the statement include a "just and true account" of the demand due, makes the lien publicly accessible so as to "apprise interested parties of the labor and materials the lien claimant asserts to have furnished so those persons may investigate and determine whether the materials went into the building and whether the charges are reasonable." *Garavaglia v. J.L. Mason of Missouri*, 733 S.W.2d 53, 56 (Mo.App.1987).

Appellant pleaded compliance with the notice and filing requirements of Chapter 429. As service of the lien statement on the property owner is not required by statute, appellant's failure to plead service of the lien on respondents was an improper basis to dismiss appellant's petition.

■ The second ground argued before the trial court in support of respondents' motion to dismiss was that appellant's lien attachment was limited by statute to three acres and that appellant's petition seeking to impress the entire tract invalidated the lien.

"Section 429.010 ... limits mechanics' liens to three acres if ... the building in question is not for commercial or industrial purposes and is in land outside a town, city or village." *Norman v. Ballentine*, 627 S.W.2d 83, 87 (Mo.App.1981). The three acre limit refers to "property located outside incorporated areas." *Paradise Homes, Inc. v. Helton*, 631 S.W.2d 51, 53 (Mo.App.1981). No such limit applies to property located within incorporated areas:

[I]f such building, erection or improvements be upon any lot of land in any

town, city or village, or if such building, erection or improvements be for manufacturing, industrial or commercial purposes and not within any city, town or village, then such lien shall be upon such building, erection or improvements, and the lot, tract or parcel of land upon which the same are situated, and *not limited to the extent of three acres....*

§ 429.010, RSMo 1986 (emphasis added).

A petition to enforce a mechanic's lien is to be favorably construed and given the benefit of every fair and reasonable intendment. *Garavaglia v. J.L. Mason of Missouri,* 733 S.W.2d 53, 55 (Mo.App.1987). Appellant pleaded the church building was located on 6.37 acres of land "in the City and County of Cape Girardeau." Giving appellant the benefit of every fair and reasonable intendment, appellant has pleaded that the building is located on land within an incorporated area. Thus, appellant has pleaded facts that have rendered the three acre statutory limit inapplicable.

Respondents contend the statutory distinction between property located within and outside of incorporated areas is unconstitutional on equal protection grounds. From the record before us, this issue was not presented to the circuit court. An appellate court will review only questions presented to and passed upon by the lower court. *Atkins v. Department of Building Regulations,* 596 S.W.2d 426, 433 (Mo. 1980). This is especially true as to constitutional questions. *Collector of Revenue v. Parcels of Land,* 517 S.W.2d 49, 55 (Mo. 1974).

We conclude the theories argued and briefed to the circuit court in support of respondents' motion to dismiss have no merit and do not support the action of the court in sustaining respondents' motion to dismiss. Accordingly, the judgment of the circuit court is reversed and the cause is remanded.

SATZ, C.J., and CRANDALL, J., concur.