David Shawn BUCHANAN, Plaintiff,

v.

RENTENBACH CONSTRUCTORS, INC., Defendant/Third–Party Plaintiff/Appellant,

v.

K & K ELECTRIC COMPANY, Third–Party Defendant/ Respondent.

No. 68841.

Missouri Court of Appeals, Eastern District, Southern Division.

May 28, 1996.

Kenneth L. Dement, Jr., Sikeson, for Rentenbach Const.

James A. Cochrane III, Matthew M. Mocherman, Cape Girardeau, for K & K Elec. Co.

RHODES RUSSELL, Judge.

Rentenbach Constructors, Inc. ("Rentenbach") appeals the dismissal of its third-party petition for indemnification filed against K & K Electric Company ("K & K"). We reverse and remand.

When reviewing the dismissal of a cause of action this court examines the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader, to determine whether they invoke principles of substantive law. *Kayes v. Kayes*, 897 S.W.2d 51, 53 (Mo.App.1995).

With those principles in mind, the record reveals that in 1989, Rentenbach, as general contractor, entered into a subcontract agreement with K & K to perform the electrical work and the electrical design for a project in Cape Girardeau. While performing its work under the project, David Buchanan, an employee of K & K, sustained injuries when the elevated platform lift he was operating hit a hole in the floor and tipped over. Buchanan recovered workers' compensation benefits from K & K for those injuries.

Buchanan thereafter filed suit against Rentenbach asserting it was negligent in (1) causing or permitting the stakes and flagging surrounding the hole to be removed, (2) causing or permitting the gravel from the hole to be removed, (3) failing to keep the premises safe, and (4) permitting K & K to use three-wheel platforms. Rentenbach filed its answer denying each allegation and asserting as an affirmative defense Buchanan's contributory negligence.

Rentenbach, in turn, filed a third-party petition against K & K for indemnification for all sums to be paid to Buchanan. The indemnity claim was based on Article 12 of the subcontract agreement. That provision stated in pertinent part:

12.1 To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless ... the Contractor ... from and against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work provided that:

(a) any such claims, damage, loss, or expense is attributable to bodily injury, sickness, disease, death, or to injury to or destruction of tangible property (other than Subcontractor's Work itself) including the loss of use resulting therefrom, to the extent caused or alleged to be caused in whole or part by an [sic] negligent act or omission of the Subcontractor or anyone directly or indirectly employed by the Subcontractor or anyone for whose acts the Subcontractor may be liable, regardless of whether it is caused in part by a party indemnified hereunder:

(b) such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Article 12.

K & K filed its motion to dismiss the third-party petition claiming that the subcontract agreement between it and Rentenbach did not contain a clear and unequivocal provision for K & K to indemnify Rentenbach against claims based solely upon Rentenbach's negligence. The dismissal motion further asserted the third-party petition failed to state a cause of action upon which relief could be granted.

On August 2, 1995, the dismissal motion was granted without explanation. Rentenbach filed its notice of appeal on August 11, 1995, appealing the court's order dismissing its third-party petition. During this period there were on-going negotiations between Buchanan and Rentenbach, which eventually resulted in a settlement wherein Rentenbach agreed to pay Buchanan $115,000.00 in exchange for Buchanan releasing Rentenbach and its assigns from all claims. The release was dated August 30, 1995 and, after being advised of such, resulted in the dismissal of Buchanan's action against Rentenbach with prejudice on September 8, 1995.

 Our first concern in addressing any appeal is the question of our jurisdiction which we must review *sua sponte*. We have jurisdiction over final judgments disposing of all parties and all issues. *Concepts Communication Management Corp. v. Newhard Cook & Co.*, 829 S.W.2d 554, 555 (Mo.App. 1992). A cursory review of the record herein reveals that at the point when Rentenbach filed its notice of appeal on August 11, 1995, not all issues were disposed of as there was still pending before the court Buchanan's claim against Rentenbach. Rule 81.05(b) states that when a notice of appeal is filed prematurely the early notice will be considered as filed immediately after the time the judgment becomes final. The judgment from which Rentenbach now appeals became final after the order of September 8, 1995, when the court issued its judgment dismissing Buchanan's claim. It was at that point in time when all issues with respect to all parties

were resolved. *See Meyer Supply Co. v. Lane*, 741 S.W.2d 304, 305–06 (Mo.App.1987). We, therefore, have jurisdiction to reach the merits of the appeal.

In both of its points on appeal, Rentenbach challenges the trial court's dismissal of its third-party petition for indemnification. The order dismissing the petition, however, did not specify the grounds therefor. When the trial court does not state its basis for dismissal, we presume it was based on the grounds stated in the motion to dismiss. *Berkowski v. St. Louis County Bd. of Election Comm'r*, 854 S.W.2d 819, 823 (Mo. App.1993). The dismissal will be affirmed if it can be sustained on any ground supported by the motion to dismiss. *Id.*

When reviewing the dismissal of a petition, we are not to review the merits of the case, but only review the sufficiency of the third-party petition to withstand the motion to dismiss. In judging the sufficiency of the petition, all facts properly pled are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts alleged. *Id.*

Looking at the petition, Rentenbach's third-party petition generally asserted K & K's contractual duty to indemnify Rentenbach for any damages and costs it sustained in defending the action brought by Buchanan. In the motion to dismiss, K & K argued that the agreement between it and Rentenbach did not clearly and unequivocally impose a duty on it to indemnify Rentenbach when the claims were based solely on Rentenbach's negligence. The motion further asserted the third-party petition failed to state a cause of action upon which relief could be granted. For the reasons that follow, dismissal was improper.

The agreement entered into between Rentenbach and K & K contained an indemnification provision wherein K & K agreed to indemnify Rentenbach against claims arising out of K & K's work, provided that such claims were attributable to bodily injury caused or allegedly caused in whole or part by the negligent acts or omissions of K & K or someone employed by K & K, regardless of whether such injury was also caused in part by a party indemnified. The pleadings filed make clear that Rentenbach's third-party petition did properly invoke the indemnification provision of the agreement. Buchanan's initial petition asserted four bases of negligence for holding Rentenbach liable for the injuries sustained while working on the project. One of those bases claimed Rentenbach was negligent in "carelessly and negligently permitting K & K Electrical Contractors to utilize three-wheel platforms." The other bases pertained to the conditions of the work premises at the time of the accident. In response to Buchanan's petition, Rentenbach filed its answer and advanced its affirmative defense asserting Buchanan's own negligence in performing his duties as an employee of K & K. These assertions sufficiently support Rentenbach's claim for indemnification under the agreement.

K & K nonetheless argues that the agreement did not contain a clear and unequivocal duty for it to indemnify Rentenbach for claims asserted based on Rentenbach's own negligence. K & K is correct in its pronouncement of the law in that in *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo. banc 1980), the Supreme Court acknowledged that a third-party defendant could enter into an agreement whereby it agreed to indemnify a third-party plaintiff for injuries sustained by third-party defendant's employee even though caused by third-party plaintiff's negligence. To be effective, the agreement to indemnify for loss caused by the indemnified party must be in clear and unequivocal terms. *Id.* at 190. We disagree, however, with K & K's argument that the agreement between it and Rentenbach did not contain clear and unequivocal language requiring it to indemnify Rentenbach for its own negligent acts. The indemnification provision specifically states K & K shall indemnify the contractor for any claims or damages "regardless of whether it is caused in part by a party indemnified." Giving the pleadings their broadest intendment such language is sufficiently clear to survive a motion to dismiss.

At this point in the proceedings, we make no attempt to weigh the evidence or decipher the facts, but only analyze the record to determine whether the assertions are sufficient to maintain the cause of action. Giving the pleadings the reading they are due, Rentenbach's third-party petition and attached material were adequate to state a claim for indemnification and it should have been allowed the opportunity to go forward to attempt to prove its case.[1]

The dismissal of the third-party petition is reversed and the cause remanded for further proceedings.

CRANE, C.J., and HOFF, J., concur.

---

**1.** *See Waterwiese v. KBA Constr. Managers, Inc.,* 820 S.W.2d 579, 582–84 (Mo.App.1991) (construing indemnification agreement between construction manager and employer of injured plaintiff and holding that through indemnity provision third-party defendant agreed to indemnify manager from liability regardless of manager's own possible negligence).