Mildred MANES, Kelly Rulo, and Tammy Cords, Plaintiffs/Appellants,

v.

Kimberly DEPEW, Defendant/Respondent.

No. 74758.

Missouri Court of Appeals, Eastern District, Division Four.

March 16, 1999.

Randall D. Sherman, Darrell E. Missey, Hillsboro, for appellants.

Kevin C. Roberts, William C. Dodson, Hillsboro, for respondent.

RHODES RUSSELL, Judge.

Mildred Manes, Kelly Rulo, and Tammy Cords ("plaintiffs") appeal the dismissal of their petition for the wrongful death of their relative, Sandra Depew ("decedent"), against

Kimberly Depew ("defendant").[1] The trial court dismissed the petition in that a separate wrongful death suit filed by others for decedent's death had already been adjudicated in St. Louis County. We reverse and remand in that section 537.080.2 RSMo 1994[2] does not prevent the plaintiffs from maintaining a separate wrongful death suit against a different defendant.

On July 5, 1996, plaintiffs filed a wrongful death petition against defendant in the Circuit Court of Jefferson County, alleging defendant intentionally killed decedent, her mother. Also filed that same date in St. Louis County was another wrongful death petition by decedent's husband and defendant against defendant's health care providers, alleging the health care providers knew of defendant's homicidal intentions toward decedent and negligently failed to warn of those intentions. Summary judgment was entered in favor of the health care providers in the St. Louis County suit.

Thereafter, plaintiffs' wrongful death petition was dismissed without prejudice due to the previous adjudication of the wrongful death suit in St. Louis County. Plaintiffs filed a Motion to Set Aside the Judgment and to Intervene in the St. Louis County case in order to prosecute their claim against defendant. The motion was denied, and this court affirmed on appeal. *Depew v. Hyland Center Assoc.*, 979 S.W.2d 506 (Mo.App.1998).

Plaintiffs then re-filed their wrongful death petition against defendant in Jefferson County. Defendant filed a motion to dismiss, arguing again that adjudication of the St. Louis County suit precluded any other action for the wrongful death of decedent. The trial court granted the motion without stating any basis, and this appeal followed.

▮ When reviewing the dismissal of a cause of action, this court examines the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader, to determine whether they invoke principles of substantive law. *Buchan-*

*an v. Rentenbach Constructors, Inc.*, 922 S.W.2d 467, 468 (Mo.App.1996). When the trial court does not state its basis for dismissal, we presume it was based on the grounds stated in the motion to dismiss. *Id.* at 470. Dismissal will be affirmed if it can be sustained on any ground supported by the motion to dismiss. *Id.*

Section 537.080 establishes the cause of action for wrongful death, delineates who may sue under it, and provides limitations on this cause of action. Section 537.080.2 provides a limitation in that "only one action may be brought ... against any one defendant for the death of any one person."

▮ Defendant asserts that section 537.080 creates one indivisible cause of action for the death of any one person. All relatives who are entitled to sue and all potential defendants must be joined in one action, regardless of the theories of recovery. Defendant appropriated this cause of action when she and decedent's husband filed their suit against her health care providers in St. Louis County. Defendant argues plaintiffs were required to intervene in that suit in order to prosecute their claims. Since they did not intervene, and summary judgment was entered in St. Louis County, the right of anyone else to pursue a wrongful death claim for decedent's death was extinguished.

Defendant cites two cases in support of this position, *Wessels v. Gipfel*, 522 S.W.2d 653 (Mo.App.1975) and *Davis v. Wilson*, 804 S.W.2d 392 (Mo.App.1991). Neither case, however, involves the circumstances found in this case.

In *Wessels*, the decedent's mother brought a wrongful death suit against the defendant. Later, the decedent's putative daughter filed a separate wrongful death action against the same defendant. We find this case not applicable as the different relatives were not suing different defendants.

In *Davis*, the surviving spouse filed a wrongful death suit against the defendant and entered into a settlement agreement

---

1. Mildred Manes is the mother of decedent. Kelly Rulo, Tammy Cords, and defendant are the daughters of decedent.

2. All further statutory references are to RSMo 1994 unless otherwise indicated.

with him. Thereafter, the decedent's mother filed a wrongful death claim against the same defendant. As in *Wessels*, this case did not involve different relatives suing different defendants.

Defendant argues the legislative intent of avoiding a multiplicity of lawsuits would be thwarted if plaintiffs were allowed to pursue their claim against her. In so arguing, however, she fails to demonstrate how she would suffer any prejudice from the maintenance of the two suits.

Defendant finally argues plaintiffs should not be allowed to maintain their suit against her because they received notice of her suit against her health care providers in St. Louis County, and plaintiffs' proper course was to intervene in the St. Louis County suit.

Notice to plaintiffs of defendant's suit, however, is irrelevant under the circumstances of this case. Defendant cites no authority requiring plaintiffs to intervene in the St. Louis County suit.

Plaintiffs argue a contrary interpretation of the wrongful death statute. Specifically, plaintiffs assert that section 537.080.2 prevents multiple suits against a defendant for the wrongful death of a person. However, it does not mandate that only one wrongful death action may be prosecuted for the death of a person when there is more than one defendant. Therefore, plaintiffs should be allowed to pursue their claim herein against a defendant different from the defendants in the St. Louis County suit.

■ This issue appears to be a question of first impression of the interpretation of Missouri's wrongful death statute. When interpreting statutes, this court must ascertain the intent of the legislature from the language used, give effect to that intent if possible, and consider the words used in their plain and ordinary meaning. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 260 (Mo. banc 1997). Where the language of the statute is unambiguous, there is no room for construction of the statute, and we must give effect to the plain meaning of the statute as it is written. *Paulson v. Missouri Dept. of Revenue*, 961 S.W.2d 63, 65 (Mo.App.1998).

■ We find the language of this section of the wrongful death statute to be clear and unambiguous. The phrase "any one defendant" reflects the legislature's intent to prevent the relatives of one person from instituting multiple, individual suits against the same defendant. The legislature did not intend to prevent different relatives from suing different defendants for the wrongful death of an individual.

The sole defendant in this suit, decedent's daughter, is different from the named defendants, the health care providers, in the St. Louis County suit. There is no allegation they worked in concert to cause decedent's death or were joint tortfeasors. Further, the theories of recovery in the two suits are different. Defendant in the St. Louis County suit sued the health care providers for failure to warn, whereas plaintiffs herein sued defendant for the intentional killing of decedent.

We find the trial court erred in dismissing plaintiffs' petition for wrongful death. Section 537.080.2 does not prevent relatives from maintaining separate lawsuits against different defendants. Therefore, the adjudication of the St. Louis County suit did not extinguish plaintiffs' right herein to sue defendant for the wrongful death of decedent.

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

MARY K. HOFF, P.J., and GARY M. GAERTNER, J., concur.