Thomas J. **BELLOS** and Jon Bellos, Appellants,

v.

Matthew L. **WINKLES**, Respondent.

No. ED 75646.

Missouri Court of Appeals, Eastern District, Division One.

March 21, 2000.

**654**

Joseph V. Neill, St. Louis, for appellant.

Michael L. Lyons, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Thomas J. Bellos and Jon Bellos, ("sellers"), appeal the judgment of the Circuit Court of St. Louis County, dismissing their case for failing to state a cause of action. We reverse and remand.

On February 6, 1996, Matthew L. Winkles, ("buyer"), entered into a contract with sellers to purchase real estate located in St. Louis County, Missouri. Buyer paid $500.00 down as an earnest deposit. An addendum incorporated into the sales contract included the following: a) "This contract is contingent on the City of Des Peres' approval of sale to buyer"; and b) "Return of earnest money to Buyer if house on property destroyed before closing." In addition to the sale contract, there was an escrow agreement, which in part provided:

> This agreement is contingent on one of two decisions the City of Des Peres will ultimately make on the 26 th of February regarding said property.
>
> 1. If the City of Des Peres rejects our *Renovation Plan* (See Exhibit A – attached) to renovate the said property and decides to follow through with their demolition plans. Then all funds to be returned to purchaser.
>
> OR
>
> 2. The City of Des Peres accepts our *Renovation Plan* (See Exhibit A – attached) to renovate said property. In which, the purchaser is allowed a grace period of 120 days to bring structure up to meet all applicable building codes. Then closing is final and all funds to be released immediately to seller.

The closing of the contract was to be at Investors Title Company, ("title company"), on February 23, 1996. Subsequently, the parties did not go through with the sale of the real estate. Buyer alleges the sale transaction failed because of sellers' failure to obtain a current marital waiver as requested by the title company. Sellers, in their second amended petition, acknowledged there was no closing as of February 23, 1996, but they give no reason for the failed closing. Sellers further alleged that the City of Des Peres never approved the sale of the property to buyer and the City of Des Peres physically razed the house.

On August 27, 1996, sellers filed a petition to quiet title. Buyer filed his answer

and a counter-claim against sellers. On February 28, 1997, sellers filed their first amended petition for declaratory judgment to quiet title and added count II for damages, alleging that buyer refused to accept the return of earnest deposit money. Buyer filed a motion to dismiss, or in the alternative, to make count II more definite and certain. On June 30, 1997, the trial court denied buyer's motion to dismiss and sustained buyer's motion to make more definite and certain. On July 30, 1997, sellers filed an amended petition as to count II. Buyer filed another motion to dismiss, or in the alternative, to make more definite and certain. The motion was denied by the trial court on October 28, 1997.

On April 6, 1998, sellers filed a motion for summary judgment. On May 20, 1998, the motion was sustained as to count I of sellers' petition to quiet title and as to buyer's counterclaim. On December 7, 1998, when the cause was set for trial, the trial court reconsidered, heard and sustained buyer's motion to dismiss count II of seller's second amended petition. Sellers appeal.

Sellers raise one point on appeal. In their sole point, sellers argue the trial court erred in dismissing their count II of the second amended petition with prejudice.

■ When reviewing the trial court's dismissal of a cause of action, appellate courts examine "the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader, to determine whether they invoke principles of substantive law." *Manes v. Depew*, 987 S.W.2d 527, 528 (Mo.App. E.D.1999). "When the trial court does not state its basis for dismissal, we presume it was based on the grounds stated in the motion to dismiss." *Id.* We will affirm the judgment of dismissal, if it can be sustained on any ground supported by the motion to dismiss. *Id.*

Sellers in their second amended petition alleged they were damaged because buyer refused to accept the return of the earnest money deposit and failed to honor the terms and conditions of the escrow agreement. Sellers alleged they were damaged because they were not able to close on the property, and they incurred monthly mortgage payments and attorneys' fees.

■ In Missouri, a party may waive any condition of a contract in the party's favor. *Campbell v. Richards*, 352 Mo. 272, 176 S.W.2d 504, 505 (1944). However, a "party cannot by his waiver affect the rights of the other party to the contract." *Id.*

■ In the case at bar, nothing in the escrow agreement requires buyer to accept the return of the earnest money deposit. The escrow agreement requires that the earnest money deposit be refunded to the buyer if the City of Des Peres rejects the renovation plan and decides to proceed with demolition. The refund, as alleged in this case, is a favorable condition to the buyer. Buyer may decide to waive his right to accept the refund. However, buyer's waiver of this right cannot affect the right of others to the contract. Therefore, sellers' allegations that buyer's failure to accept the return of the earnest money deposit affected their rights to clear title, states a claim for which relief could be granted.

Sellers alleged the existence of an escrow agreement. They alleged the City of Des Peres did not approve the sale to the buyer and has demolished the property. They alleged the escrow agreement calls for return of the earnest money deposit to buyer. They alleged the money was returned but buyer refused to accept it. They alleged buyer's refusal affected their rights and they were damaged. Thus, sellers have alleged facts that if proven, could entitle them to relief.

■ Nevertheless, buyer argues sellers could not prove how his refusal to accept his money back damaged sellers. Buyer argues he never placed a cloud on the title

of the real estate at issue, because he never filed a lis pendens on said property and that no legal impediment prevented sellers from selling the property. These are issues to be addressed at trial. Under our review of a motion to dismiss, we examine the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader, to determine whether they invoke principles of substantive law. Given this standard of review, we find that sellers have alleged facts which, if proven, could entitle them to relief.

Based on the foregoing, the judgment of the trial court, dismissing appellants' case for failure to state a cause of action, is reversed and remanded.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.