**Stephen Paul GARNER, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.**

No. 65849.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mark S. Wasinger, Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for respondent.

KAROHL, Judge.

The Director of Revenue (DOR) appeals after the trial court granted summary judgment on February 22, 1994, in favor of Stephen Paul Garner, driver's licensee. The judgment ordered DOR to set aside an administrative suspension and to restore driving privileges. It was based on DOR's admissions resulting from failure to respond to Garner's Request for Admissions. The only issue on appeal is whether the trial court had jurisdiction to enter the judgment after the court set aside an order dismissing for failure to prosecute. The order was entered on October 1, 1993, effective December 3, 1993.

The parties agree on the facts. On March 27, 1993, a highway patrolman stopped Garner for driving while intoxicated. Notice was sent by DOR to Garner indicating his license would be administratively suspended. Sec-

tion 302.505 RSMo Cum.Supp.1993. On May 19, 1993, an administrative hearing officer upheld the suspension of Garner's driving privilege pursuant to § 302.525.1 RSMo Cum.Supp.1993. On June 15, 1993, Garner filed a petition for trial de novo. Section 302.535 RSMo 1986. On October 1, 1993, a typed docket entry was made stating: "This case is dismissed without prejudice on 12/3/93 for failure to prosecute. The Clerk of the Court is directed to furnish a copy of this entry to the attorneys of record herein."

On December 14, 1993, Garner served upon DOR a "Request for Admissions." On December 16, 1993, a hand-written, unsigned docket entry was made stating: "The Court sets aside its Order of dismissal." On January 18, 1994, Garner filed a "Motion for Summary Judgment" upon DOR's failure to respond to the request for admissions. On January 27, 1994, DOR filed a "Motion to Permit Withdrawal or Amendment of Admissions." On February 22, 1994, the court denied DOR's requests and granted summary judgment for Garner restoring his driving privileges.

■■■ DOR raises only one issue on appeal. DOR argues that the trial court no longer had jurisdiction to grant summary judgment because there was no motion or subsequent decree made during the thirty days following October 1, 1993. It argues the court lost jurisdiction thirty days after October 1, 1993 and the set aside order in December was a nullity. Pursuant to § 511.060 RSMo 1986 and Rule 75.01, a trial court retains control thirty days after the date of judgment. The question is, for the purpose of determining finality, when was the judgment "entered," October 1, 1993 or December 3, 1993? The DOR relies on *Thompson v. Hodge*, 348 S.W.2d 11, 14 (Mo. App.1961), *Adams v. Adams*, 294 S.W.2d 18, 20 (Mo.1956), and *State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765, 767–769 (Mo. banc. 1968) to support its position. However, since the date of judgment is not an issue in any of these cases, they are not decisive.

On October 1, 1993, the trial court ordered the case dismissed for failure to prosecute *effective* December 3, 1993. Without approving of the form of the order and judgment, we hold the dismissal judgment occurred on December 3, 1993. Section 511.060 RSMo 1986 and Rule 75.01 allow the trial court thirty days to set aside a judgment which finally disposed of the case. Here, that judgment did not happen until December 3, 1993. If the October 1, 1993 order is reviewed as ambiguous then two record facts support our decision. First, to dismiss on October 1, 1993, it was not necessary for the court to add superfluous further conditions. Second, the court set aside the judgment, sua sponte, on December 16, 1993. The only available conclusion is the court intended the dismissal to occur on December 3, 1993. The trial court's set aside of the Order of Dismissal on December 16, 1993, was well within the control of judgment period. Jurisdiction over the suit was never relinquished and the court retained power to grant summary judgment.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.