STATE ex rel. Eldon K.
BUGG, Relator,

v.

The Honorable Ellen S. ROPER,
Respondent.

No. SC 86645.

Supreme Court of Missouri,
En Banc.

Dec. 20, 2005.

Eldon K. Bugg, Boonville, pro se.

Jason P. Osteen, Robert D. Kingsland, Kansas City, for Respondent.

PER CURIAM.

Eldon Bugg, a resident of Boone County, purchased a motorized home from residents of Jackson County. The home did not perform as Bugg expected and required significant engine repairs. He filed suit in Boone County, alleging breach of the sales agreement, negligent representation of the engine, and fraudulent misrepresentation of the condition of the engine. The defendants, who were served in Jackson County, filed a motion to dismiss on the basis of improper venue. Bugg then served defendants his first amended petition. The respondent held a hearing on the motion to dismiss, declined to permit the filing of the first amended petition, and

sustained the motion to dismiss. Bugg sought relief in this Court, contesting the dismissal and the failure to permit the filing of his amended petition. This Court issued its alternative writ, which, as modified, is now made peremptory.

Rule 55.33(a) provides, in pertinent part, that a pleading may be amended once as a matter of course at any time before a responsive pleading is served. As defendants did not file a responsive pleading, but merely a motion, Bugg was entitled to amend his pleading as a matter of course. The amended petition should have been filed. Once an amended pleading is filed, any prior pleadings not referred to or incorporated into the new pleading are considered abandoned and receive no further consideration in the case for any purpose. *Scott v. Clanton*, 113 S.W.3d 207, 213 (Mo.App.2003). In his amended petition, Bugg does not refer to or incorporate any prior pleading. Therefore, in this case, the issue of venue is to be determined on the basis of the amended petition.[1]

Moreover, defendants' motion to dismiss is not a correct motion. Section 476.410, RSMo 2000, provides, "The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." In conjunction with this statute, questions concerning venue are to be raised by motion to transfer to a correct venue under Rule 51.045. Although denominated a "Motion to Dismiss for Im-

proper Venue," the respondent was entitled to treat the motion as one to transfer to a correct venue under the rule. The misleading caption is not fatal where defendants expressly request relief in a motion based upon improper venue. *See State ex rel. Heistand v. McGuire*, 701 S.W.2d 419, 420 (Mo. banc 1985).

A peremptory writ is directed to issue directing respondent to order the amended petition filed. Defendants may be granted leave to file an amended motion under Rule 51.045.

All concur.

---

**1.** Such a conclusion is not contrary to *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823 (Mo. banc 1994), which holds that "by the terms of the statute, venue is determined as the case stands when brought, not when a motion challenging venue is decided." As explained in *State ex rel. Breckenridge v. Sweeney*, 920 S.W.2d 901 (Mo. banc 1996), "This passage from *DePaul* is not on point. The venue statute and, in turn, the Court's reference to the statute in *DePaul* pertain to the residence of parties defendant to a lawsuit, not the condition of the pleadings." It is noted that the statute on which *DePaul* is based was amended in the last legislative session to eliminate reference to where suit is brought. *See section 508.010*, 2005 Mo. Laws 644.