Sharry MCDONALD, Appellant,

v.

CITY OF KANSAS CITY, Missouri,
Respondent.

No. WD 69866.

Missouri Court of Appeals,
Western District.

April 7, 2009.

David A. Lunceford, Lee's Summmit,
MO, Counsel for Appellant.

Saskia C.M. Jacobse, Kansas City, MO,
Counsel for Respondent.

Before JAMES M. SMART, JR., P.J.,
JOSEPH M. ELLIS, and JAMES
EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Sharry McDonald appeals the circuit
court's judgment dismissing with prejudice
her petition for damages for wrongful ter-
mination against the City of Kansas City,
Missouri. The City filed a motion to dis-
miss, which the circuit court granted. Mc-
Donald contends that, because she filed a
first amended petition for damages before
a responsive pleading had been served, the
original petition for damages had been
abandoned and the circuit court erred in
granting the City's motion to dismiss. We
agree and reverse the circuit court's judg-
ment and remand for further proceedings.

## Factual and Procedural Background

On March 11, 2008, Sharry McDonald filed a petition for damages on one count of wrongful termination against Kansas City, Missouri. The City filed a motion to dismiss, claiming sovereign immunity on April 4. McDonald moved for an extension of time to respond to the motion to dismiss on April 21. The motion requested an extension to May 1. As of May 2, the circuit court had not ruled on the motion, and McDonald filed a first amended petition adding two counts of illegal retaliation under federal statute. On May 5, the circuit court granted McDonald's motion for extension of time to respond. McDonald never filed a response to the City's motion to dismiss. On June 2, the circuit court granted the City's motion to dismiss and dismissed McDonald's case with prejudice. On June 23, the circuit court denied McDonald's motion to reconsider filed on June 3. McDonald appeals the dismissal of her lawsuit.

## Analysis

McDonald argues that the filing of her first amended petition, prior to any responsive pleading from the City, abandoned the original petition and made the City's motion to dismiss moot. The City responds that the dismissal was proper because McDonald did not appropriately amend her petition in that it contained the exact same claim that was the basis for the City's motion to dismiss and McDonald never filed a response to the motion to dismiss.

■ We review the grant of a motion to dismiss de novo. Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008). "A pleading may be amended once as a matter of course at any time before a responsive pleading is served . . . ." Rule 55.33(a). A motion to dismiss is not a "responsive pleading" which terminates a plaintiff's unilateral right to amend under Rule 55.33(a). Breeden v. Hueser, 273 S.W.3d 1, 14 (Mo.App.2008); State ex rel. Bugg v. Roper, 179 S.W.3d 893, 894 (Mo. banc 2005). "When an amended petition is filed, a former petition becomes an abandoned pleading that receives no further consideration in the case." Trimble v. Pracna, 51 S.W.3d 481, 490 (Mo.App.2001); Bugg, 179 S.W.3d at 894. " 'An abandoned petition becomes a mere "scrap of paper" insofar as the case is concerned.' " Trimble, 51 S.W.3d at 490 (citing Shelby v. Slepekis, 687 S.W.2d 231, 236 (Mo.App. S.D.1985)). "It matters not that the amended petition duplicated allegations that had been in the earlier petition." Id. at 491. Moreover, we prefer cases to be decided on their merits rather than on technicalities. Brungard v. Risky's, Inc., 240 S.W.3d 685, 687–88 (Mo. banc 2007).

■ When McDonald filed her amended petition, the original petition became an abandoned pleading that should have received no further consideration. This is true even though McDonald essentially repeated the count from her original petition in her amended petition and even though McDonald had not filed a response to the City's motion to dismiss. Thus, because the City's motion to dismiss relates to the original, abandoned petition, the circuit court erred in granting the City's motion to dismiss the original pleading. Bugg, 179 S.W.3d at 894.

We, therefore, reverse the circuit court's judgment dismissing McDonald's petition for damages for wrongful termination against the City and remand for further proceedings.

All concur.