

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. POLARIS INDUSTRIES, INC., | ) ) ) | |
| Relator, | ) ) | **WD79746** |
| v. | ) ) ) | **OPINION FILED:** **November 22, 2016** |
| THE HONORABLE JAMES K. JOURNEY, | ) ) ) | |
| Respondent. | ) | |

## ORIGINAL PROCEEDING IN PROHIBITION

**Before Writ Division:** Lisa White Hardwick, Presiding Judge, and
Karen King Mitchell and Gary D. Witt, Judges

Relator, Polaris Industries, Inc., seeks a writ prohibiting Respondent, the Honorable James K. Journey, Circuit Judge of Bates County, from taking any action other than granting Polaris's motion for judgment on the pleadings in the underlying action. Finding Polaris did not demonstrate a clear and unequivocal right to the relief requested, we quash the preliminary writ of prohibition.

## Background

The parties largely agree on the relevant facts. On May 27, 2004, Plaintiff Tonna Cummings's husband was operating a 1995 Polaris "Big Boss 6x6" all-terrain vehicle (ATV) to

spray weeds for Husband's employer when the ATV allegedly overturned. Cummings claims that, as a result of the incident, Husband became trapped underneath the ATV and sustained fatal injuries.

On March 4, 2005, Cummings commenced a wrongful-death action against Polaris (the Original Action), alleging defects in the ATV's design, manufacture, and warnings. After the litigation had been pending for over five years, Respondent entered an order placing the case on the court's "inactive docket." The order was signed by Respondent on November 3, 2011, and filed the same day. The order placing the Original Action on the inactive docket explained that the case could be removed from the inactive docket "only on written motion, with notice to the opposing parties, and for good cause shown." The order further stated that, "Absent removal from the inactive docket within 60 days of this date [November 3, 2011], this case will automatically be dismissed without prejudice and without further order." (Emphasis in the original document.) This is consistent with Local Rule 37(3), (6),[1] which states that "[a]ny case placed on the inactive docket shall be dismissed without prejudice upon sixty (60) days of placement on the inactive docket" unless the party shows good cause for its removal from the inactive docket. All such dismissals "shall be automatic upon the expiration of the 60 day time period without further action by the Court." Local Rule 37(5).[2]

Cummings did not file a motion to remove the case from the inactive docket at any time on or before January 2, 2012—the sixtieth day after the November 3, 2011 order placing the case

---

[1] All "Local Rule" citations are to the rules adopted by the Circuit Court of Bates County. All other rule citations are to the Missouri Supreme Court Rules (2016).

[2] Cummings disagrees with Polaris's characterization of the trial court's order placing the Original Action on the inactive docket as an "order." "Every direction of a court made or entered in writing and not included in a judgment is an order." Rule 74.02. "In Missouri a written entry signed by the trial court is either a judgment, *see* Rule 74.01, or an order. Rule 74.02." *Lake v. McCollum*, 324 S.W.3d 481, 487 n.12 (Mo. App. W.D. 2010). The order placing the Original Action on the inactive docket was signed and meets the definition of an order. Cummings provides no real support for her assertion otherwise.

on the inactive docket.[3] An unsigned docket entry dated January 10, 2012 notes: "Dismiss by Ct w/o Prejudice"; and, at the top of the docket sheet it reads, "Disposition: Dismiss by Ct w/o Prejudice" and "Disposition date: 10-Jan-2012."

On January 4, 2013, Cummings commenced a second action (the Second Action) by filing a Petition for Damages, restating her wrongful-death claims against Polaris. Polaris filed a motion for judgment on the pleadings on the ground that the statute of limitations barred Cummings's claims. Polaris noted that the three-year statute of limitations for wrongful-death actions expired many years before Cummings filed the Second Action, and it further argued that the statute's one-year savings provision did not apply because the Second Action was commenced more than one year after January 2, 2012, which Polaris argued was the date of dismissal of the Original Action. Cummings opposed Polaris's motion, arguing that the dismissal of the Original Action did not take effect until January 10, 2012, when the entry was made on the circuit court's docket sheet.

Following a hearing on Polaris's motion, Respondent entered an order denying the motion. Polaris sought a writ of prohibition from this court, and we entered a preliminary order.

## Standard of Review

"Prohibition is a discretionary writ that . . . issues [only] to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extrajurisdictional power." *State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 768 (Mo. banc 2014). "A writ of prohibition 'is the appropriate remedy to prevent a lower court from proceeding on an action barred

---

[3] At oral argument, Polaris acknowledged that if the November 3, 2011 order was self-executing, taking effect automatically on the expiration of the 60 days, the effective date was likely January 3, 2012, rather than January 2, 2012. This is because in 2012 New Year's Day fell on Sunday, and, thus, Monday January 2, was likely an observed holiday. Because below and in briefing to this court, both parties used the January 2, 2012 date, we will use that date throughout this opinion.

3

by the statute of limitations.'" *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 437 (Mo. banc 2015) (quoting *State ex rel. Holzum*, 342 S.W.3d 313, 315 (Mo. banc 2011)). However, "[a] party seeking a writ has 'the burden of showing that it had a clear and unequivocal right to the . . . relief requested.'" *Estate of Hutchison v. Massood*, 494 S.W.3d 595, 608 (Mo. App. W.D. 2016) (quoting *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 42 (Mo. App. W.D. 2006)).

Both Polaris and Cummings submitted materials outside of the pleadings in connection with Polaris's motion for judgment on the pleadings. Thus, Polaris's motion for judgment on the pleadings is treated as a motion for summary judgment. Rule 55.27(b) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). An appellate court "seldom grants a writ to compel the grant of a motion for summary judgment, but . . . issuance of a writ 'can be an appropriate remedy where a trial court erroneously permits a claim that is barred by the statute of limitations to proceed to trial.'" *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 (Mo. banc 2016) (quoting *State ex rel. Bloomquist v. Schneider*, 244 S.W.3d 139, 141 (Mo. banc 2008)). "The standard of review of the grant or denial of summary judgment is *de novo.*" *Id*.

### Analysis

"Section 537.080.1 sets forth the cause of action for wrongful death and delineates who is entitled to sue for damages." *Beisly*, 469 S.W.3d at 437. "Section 537.100 states that every action brought pursuant to section 537.080 'shall be commenced within three years after the cause of action shall accrue.'" *Id*. Much more than three years passed between the accident and the filing of the Second Action. However, "[s]ection 537.100 contains explicit tolling exceptions . . . ." *Id*.

4

One of the exceptions applies when "any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit." § 537.100. In that situation, "such plaintiff may commence a new action from time to time within one year after such nonsuit suffered." *Id*. "Thus, where refiling of a lawsuit would otherwise be barred by an applicable statute of limitations, the savings statute allows the lawsuit to be refiled within one year of a 'nonsuit.'" *Zinke v. Orskog*, 422 S.W.3d 422, 425 (Mo. App. W.D. 2013).

"A 'nonsuit' is '[a] term broadly applied to a variety of terminations of an action which do not adjudicate issues on the merits.'" *Id*. (quoting BLACK'S LAW DICTIONARY 1058 (6th ed. 1990)). "A dismissal without prejudice is a nonsuit and permits a party to bring another civil action for the same cause." *Molder v. Trammell Crow Serv., Inc.*, 309 S.W.3d 837, 841 (Mo. App. W.D. 2010). "The savings statute allows a lawsuit to be re-filed within one year after a dismissal without prejudice of the first suit." *Id*. at 842 (interpreting identical language in § 516.230). "Moreover, the initial dismissal begins the running of the one-year grace period provided in the savings statute, so that a re-filing within one year of the dismissal is within the statute of limitations." *Id*.

If the one-year period to re-file the suit is calculated from January 2, the Second Action was filed more than a year from the nonsuit, and was untimely. Polaris argues that the dismissal, and therefore nonsuit, was automatic by the November 3, 2011 order's terms, depriving the trial court of jurisdiction over the matter after January 2, and rendering the subsequent docket entry a nullity. Cummings argues that the November 3, 2011 order did not specify the date upon which the involuntary dismissal would take effect and that, therefore, the clerical entry of dismissal was necessary in order to effectuate a nonsuit. We need not determine whether the dismissal

5

automatically went into effect on January 2, because Polaris is incorrect that the trial court was divested of jurisdiction once the order was entered.

Polaris argues that the dismissal was automatically effective on January 2, and that the trial court was immediately divested of jurisdiction, rendering the subsequent docket entry "a nullity." In support, Polaris cites *Rickner v. Golfinopoulos*, 271 S.W.3d 32 (Mo. App. W.D. 2008) and *Kirby v. Gaub*, 75 S.W.3d 916 (Mo. App. S.D. 2002), cases holding, correctly, that trial court orders of dismissal following a party's *voluntary* dismissal are "a nullity," because the trial court immediately loses jurisdiction over the action when a voluntary dismissal is filed. However, "[t]hese cases are inapposite as they involve involuntary dismissals which are governed by different rules." *Zinke*, 422 S.W.3d at 426 n.8; *Kirby*, 75 S.W.3d at 918 n.3 ("An involuntary dismissal is not this case. Because different rules govern, the involuntary dismissal cases cited by Plaintiffs are inapposite."). "With a voluntary dismissal, it is the plaintiff deciding to dismiss his cause of action, and it is the plaintiff acting to dismiss the case . . . , [thus] no action by the trial court" is required. *Peet v. Randolph*, 103 S.W.3d 872, 876 (Mo. App. E.D. 2003). "Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, [other than to] enter administrative orders such as those with regard to the assessment of costs." *Zinke*, 422 S.W.3d at 427.

"On the other hand, court action is required for an involuntary dismissal. There is no dismissal unless the court acts—either on its own motion, or by granting a defendant's motion to dismiss." *Peet*, 103 S.W.3d at 876. Further, even if the court acts to enter an involuntary dismissal, unless the dismissal is denominated as a judgment, the court retains jurisdiction. *Davis v. Dep't of Soc. Servs. Div. of Child Support Enf't*, 15 S.W.3d 42, 44-45 (Mo. App. W.D. 2000). When a court involuntarily dismisses a case without prejudice, the court does not immediately lose

6

jurisdiction over the matter, but instead "retains jurisdiction over the matter so that the court [is] allowed to reconsider its action, correct any errors, and modify or set aside its order." *Peet*, 103 S.W.3d at 876.

Here, regardless of whether the involuntary dismissal of the Original Action was effective on January 2, the trial court retained jurisdiction to modify its order. Polaris argues summarily that "[t]here is no evidence" that the trial court's intent in making the January 10 docket entry was to modify the January 2 dismissal and make its order of dismissal effective January 10, 2012. But "[s]ummary judgment is proper [only] when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law." *Parr v. Breeden*, 489 S.W.3d 774, 778 (Mo. banc 2016). Accordingly, if there was a factual issue related to the court's intent in entering the January 10 docket entry, there remained an issue of material fact and the grant of summary judgment in favor of Polaris would have been inappropriate.

Stated another way, the question is whether the January 10 docket entry is an order that communicates a direction from the court or whether it is a ministerial act that simply memorializes the earlier court order. Polaris argues that the docket entry was simply a ministerial act. But there is nothing about the January 10 docket entry that precludes it from being an order, which can be accomplished by unsigned docket entry. Rule 74.02 ("Every direction of a court made or entered in writing and not included in a judgment is an order."). A "trial court's [unsigned] typewritten docket entry . . . qualifies as an 'order' under [Rule 74.02]. Notably, nothing in Rule 74.02 requires an order to be handwritten or signed by the judge." *Norfolk v. State*, 200 S.W.3d 36, 39 (Mo. App. W.D. 2006). And, in ruling on the dispositive motions, the trial court apparently determined that the intent and effect of the docket entry was to make the dismissal effective on January 10. *See*

7

*Garner v. Dir. of Revenue*, 893 S.W.2d 394, 395 (Mo. App. E.D. 1995) (using the trial court's records to determine when "the [trial] court intended the dismissal to occur."). Importantly, the same judge presided over both the Original Action and the Second Action, and was in the best position to discern the intent in making the docket entry. *See Radmer v. State*, 362 S.W.3d 52, 58 (Mo. App. W.D. 2012) ("It is . . . important that the same judge presided at the trial and at the [subsequent] hearing, and was thus better equipped to assess the" prior case) (quoting *State v. Wells*, 804 S.W.2d 746, 749 (Mo. banc 1991))).

Further, the record provides a possible reason why the trial court might have felt additional direction was necessary: while Local Rule 37 clearly indicates that the parties are to be notified of the date a dismissal is to occur,[4] the order placing the Original Action on the dismissal docket is not so clear, stating only that the dismissal will take place "without further order," "[a]bsent removal from the inactive docket within 60 days."[5]

Polaris has "the burden of showing that it had a clear and unequivocal right to" a writ. *Estate of Hutchison*, 494 S.W.3d at 608 (quoting *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City*, 188 S.W.3d at 42). Under the circumstances of this case, we cannot say that Polaris has demonstrated a clear and unequivocal right to prohibition.

---

[4] Under Local Rule 37(5), dismissal is "automatic upon the expiration of the 60 day time period without further action by the Court." Local Rule 37(4), requires that the notice to counsel "that the case has been set on the inactive docket" (in this case the order placing the Original Action on the inactive docket) is to contain "the date on which the case will be dismissed."

[5] We note that much, if not all, of the parties' confusion over the dismissal date could have been avoided, had the trial court: (1) more closely followed the directive of Local Rule 37(4) by including a date certain for dismissal on its order; and/or (2) clearly specified on the subsequent docket entry whether its intent was to effectuate dismissal on that date, or merely to note that dismissal had taken place per the terms of the order. We encourage the trial court, as well as courts in other circuits with similar local rules, to review the procedures for placement of cases on inactive or dismissal dockets, removal from those dockets, and dismissal of cases not timely removed, so as to avoid similar confusion.

**Conclusion**

Because Polaris has failed to establish a right to a writ of prohibition, the preliminary writ is quashed.

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge,
and Gary D. Witt, Judge, concur.