

# Missouri Court of Appeals

## Southern District

### Division Two

LONDA L. SOFIA, et al.,      )
                                         )

      Plaintiffs-Appellants,     )
                                         )

vs.                           )
                                       )     No. SD35572

ROBERT W. DODSON, M.D., et al.,  )
                                       )     **Filed: March 27, 2019**

      Defendants-Respondents.  )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton

## REVERSED AND REMANDED WITH INSTRUCTIONS

Londa Sofia, Gayla Woodcock, and Robin Frazier (collectively "Appellants"), surviving daughters of Gladys Walker ("Walker"), appeal the trial court's judgment granting Mercy Hospital Joplin's ("Mercy Hospital") motion for summary judgment ("the motion"). In the motion, Mercy Hospital argued that the underlying wrongful death action against it was barred by the statute of limitations and that the savings clause found in § 537.100[1] was inapplicable. The trial court granted the motion. Appellants argue that the trial court erred as a matter of law by granting summary judgment in that the lawsuit against Mercy Hospital was timely filed and re-filed within the one-year savings period contained in § 537.100. We agree. The trial court's

---

[1] All statutory citations are to RSMo 2000.

judgment is reversed and remanded for further proceedings consistent with this opinion.

## Standard of Review

This Court reviews an appeal of a motion for summary judgment on an "essentially *de novo*" basis. ***Custer v. Wal-Mart Stores East I, LP***, 492 S.W.3d 212, 214 (Mo. App. S.D. 2016) *citing* ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993). Whether a summary judgment motion was properly granted is a question of law, and this Court "need not defer to the trial court's order granting summary judgment." ***Id.*** "The application of a statute of limitations is a question of law that this court reviews *de novo*." ***Mackey v. Smith***, 438 S.W.3d 465, 471 (Mo. App. W.D. 2014).

## Background and Timeline

Appellants' mother died on April 10, 2011, four days after undergoing gallbladder removal surgery. Appellants filed an action against Dr. Robert W. Dodson ("Dr. Dodson"), who performed the surgery, and his presumed employer Mercy Hospital, on March 1, 2013. Appellants later learned that Dr. Dodson's employer was actually Mercy Clinic Joplin ("Mercy Clinic"), not Mercy Hospital.[2] On July 11, 2016, Appellants were granted leave to file and filed an amended petition ("First Amended Petition") substituting Mercy Clinic in place of Mercy Hospital.[3] Appellants voluntarily dismissed Mercy Hospital on July 14, 2016, without prejudice. Appellants then sought, and were

---

[2]Both parties agree that Dr. Dodson's Answer, filed in 2013, denied the employment relationship between Dr. Dodson and Mercy Hospital, and that Dr. Dodson stated in a deposition on March 25, 2015, that he was employed by the predecessor to Mercy Clinic when he performed the surgery. For purposes of this appeal, the distinction between the two dates is not significant because the relevant date is July 11, 2016, when the trial court granted Appellants' motion to file their First Amended Petition.
[3] Mercy Clinic moved to dismiss the First Amended Petition as barred by the statute of limitations. After hearing, the trial court overruled Mercy Clinic's motion to dismiss.

granted, leave to file a second amended petition ("Second Amended Petition") on

January 4, 2017. This Second Amended Petition named three defendants: Dr. Dodson,

Mercy Clinic, and Mercy Hospital.

The following timeline describes the sequence of events:

| DATE: | ACTION: |
|---|---|
| 4/10/11 | Death of Walker. |
| 3/1/13 | Plaintiffs file Petition for Damages ("Original Petition") against Dr. Dodson and Mercy Hospital. |
| 4/10/14 | Three-year anniversary of Walker's death. |
| 7/11/16 | Trial court grants Plaintiffs' Motion for Leave to Amend Petition "so as to substitute Mercy Clinic . . . in place and instead of Mercy Hospital Joplin" pursuant to Rule 55.33(c).[4]<br><br>First Amended Petition filed against Dr. Dodson and Mercy Clinic. |
| 7/14/16 | Plaintiffs file Voluntary Dismissal Without Prejudice of Defendant Mercy Hospital. |
| 11/14/16 | Plaintiffs file Motion for Leave to file Second Amended Petition naming defendants Dr. Dodson, Mercy Clinic, and Mercy Hospital. |
| 1/4/17 | Court sustains Plaintiffs' Motion for Leave to Amend. Court orders Second Amended Petition filed. |
| 4/2/18 | Court grants Mercy Hospital's Motion for Summary Judgment.[5] |

In the motion, Mercy Hospital argued that Appellants' Second Amended Petition

was filed outside of the statute of limitations and that the savings clause of § 537.100 did

not apply. Mercy Hospital also argued that neither § 537.100 nor Rule 67.02,

---

[4] All Rule references are to Missouri Court Rules (2016).

[5] A judgment may dispose of fewer than all claims against all parties. Rule 74.01(b). Such a judgment is final for purposes of appeal if it disposes of at least one judicial unit and the circuit court expressly finds there is no just reason for delay. *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801-02 (Mo. banc 2012). Here, Mercy Hospital filed a motion to dismiss the appeal on the basis that the trial court's grant of summary judgment to Mercy Hospital was not an appealable judgment. This Court denied the motion because the amended judgment disposed of the claim against Mercy Hospital and contained the express finding required by Rule 74.01(b).

addressing the effect of voluntary dismissals, could apply to "re-join the dropped entity to the case later on." The trial court granted the motion. This appeal follows.

## Discussion

This appeal does not address the merits of the underlying dispute, but rather, whether Appellants' claim against Mercy Hospital is time-barred by the statute of limitations. The applicable statute of limitations for wrongful death actions based on § 537.080 is three years. § 537.100.1. The statute of limitations in this case began running at the moment of Walker's death. *See **State ex rel. Goldsworthy v. Kanatzar***, 543 S.W.3d, 582, 585 (Mo. banc 2018) ("A wrongful death cause of action accrues at the moment of death.").

Missouri law provides for an additional one-year extension of the statute of limitations by § 537.100's savings clause. This savings clause provides in relevant part:

> [P]rovided, that if any such action shall have been commenced within the time prescribed in this section, ***and the plaintiff therein take or suffer a nonsuit***, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed on appeal or error, ***such plaintiff may commence a new action from time to time within one year after such nonsuit suffered*** or such judgment arrested or reversed; and in determining whether such new action has been begun within the period so limited, the time during which such nonresident or absent defendant is so absent from the state shall not be deemed or taken as any part of such period of limitation.

§ 537.100.1 (emphasis added). Insofar as relevant here, the operation of the savings clause has three elements: (1) the commencement of a wrongful death against the defendant within three years after the decedent's death; (2) a voluntary nonsuit of the wrongful death action against that defendant; and (3) the commencement of a new wrongful death action against that defendant within one year after the voluntary nonsuit. *See **Goldsworthy***, 543 S.W.3d at 585; ***Boland v. Saint Luke's Health***

4

***Sys., Inc.***, 471 S.W.3d 703, 707 (Mo. banc 2015).  In the case at bar, all three requirements were met.

## A.  Appellants' wrongful death action against Mercy Hospital was timely.

"A civil action is commenced by filing a petition with the court."  Rule 53.01; ***Ostermueller v. Potter***, 868 S.W.2d 110, 111 (Mo. banc 1993).  Here, Mercy Hospital was named in the Original Petition, which was timely filed within the three-year statute of limitations under § 537.100.  Mercy Hospital argues, however, that we should ignore the filing of the Original Petition for two reasons, neither of which are persuasive.

First, Mercy Hospital argues that either the First Amended Petition or the Second Amended Petition are the "original action" for purposes of the savings clause analysis.  Under one theory, Mercy Hospital claims the First Amended Petition (that names Mercy Clinic and Dr. Dodson only) is the correct pleading because it was "the operative pleading in effect at the time" when Appellants brought Mercy Hospital back into the case.  It follows, Mercy Hospital contends, that since the First Amended Petition was filed on July 11, 2016, over three years after Walker's death, the action against Mercy Hospital was not timely.

Second, Mercy Hospital argues that because Mercy Hospital was substituted out of the case on July 11, 2016, on the basis of "mistake" as found in Rule 55.33(c), the Original Petition filed against it has no legal effect.[6]  Rather, "[t]he effect was as if Mercy Hospital had never been sued by Appellants."  In other words, Mercy Hospital argues

---

[6] In support of its argument, Mercy Hospital cites to ***Kingsley v. McDonald***, 432 S.W.3d 266 (Mo. App. W.D. 2014), and ***Windscheffel v. Benoit***, 646 S.W.3d 354 (Mo. banc 1983) for the idea that Rule 55.33(c)'s relation back only applies to amendments that change parties and not to amendments that add parties.  This argument, while relevant to the appropriateness of a Rule 55.33(c) substitution, is not relevant to the application of § 537.100's savings clause to this case.

when an amended petition is filed, the former petition is abandoned. They cite to

***McDonald v. City of Kansas City***, 285 S.W.3d 773 (Mo. App. W.D. 2009)

(addressing abandoned pleadings in context of motion to dismiss) and to ***Adams v.***

***Lederle Labs.***, 569 F.Supp. 234 (W.D. Mo. 1983) (addressing abandoned pleadings in

context of diversity jurisdiction). These cases were not decided on the basis of any

savings clause and we are not persuaded by their applicability to the analysis of

§ 537.100. The fact remains that Mercy Hospital *was* named as a defendant in the

Original Petition filed in 2013 and remained a named defendant until the court granted

Appellants' Motion to file their First Amended Petition on July 11, 2016. Accordingly,

the Original Petition naming Mercy Hospital was timely filed.

**B. Appellants suffered a nonsuit as to Mercy Hospital when their First Amended Petition was filed.**

When the First Amended Petition was filed, Mercy Hospital was dropped from

the lawsuit as a defendant. We must determine whether that event constituted a

voluntary nonsuit of the wrongful death action against Mercy Hospital. *See **Boland***,

471 S.W.3d at 707. "A nonsuit is a term broadly applied to a variety of terminations of

an action which do not adjudicate issues on the merits." ***State ex rel. Polaris***

***Indus., Inc. v. Journey***, 505 S.W.3d 370, 375 (Mo. App. W.D. 2016) (quoting ***Zinke***

***v. Orskog***, 422 S.W.3d 422, 425 (Mo. App. W.D. 2013) (internal quotations and

citations omitted)).

Appellants argue that an amended petition omitting a previously-named

defendant has the effect of dismissing that defendant. We agree. Appellants "suffered a

nonsuit" as to Mercy Hospital when they filed their First Amended Petition because it

had the effect of removing Mercy Hospital from the case without an adjudication on the merits.[7]

Mercy Hospital argues that § 537.100's savings clause only applies when an entire action is dismissed, not just a party. We disagree for two reasons.

First, to the extent Appellants' wrongful death lawsuit against Dr. Dodson and Mercy Hospital contained two wrongful death actions, one per defendant,[8] Mercy Hospital's separate dismissal did dispose of an entire action.

Second, the Supreme Court of Missouri has broadly defined "nonsuit" to include various terminations of a cause of action that do not adjudicate the merits of the issues. *Polaris*, 505 S.W.3d at 375. Here, a nonsuit occurred when Mercy Hospital was substituted out of the case because, as to Mercy Hospital, this was an adjudication not on the merits. Furthermore, as noted in *Williams v. Southern Union Co.*, "[t]he taking of a nonsuit amounts to, and has the effect of, a dismissal of the *case as to one or all the defendants*. It is not a final disposition of the cause of action on the merits, but is a final termination of the particular suit." 364 S.W.3d 228, 232 (Mo. App. W.D. 2011) (emphasis added) (quoting *Rainwater v. Wallace*, 174 S.W.2d 835, 838 (Mo. 1943)).

In *Anderson v. Asphalt Distributing Co.*, the plaintiff filed an action against two defendants. 55 S.W.2d 688, 691-92 (Mo. 1932). She dismissed one defendant without prejudice, then refiled a new action against that defendant. *Id.* at

---

[7] Appellants argue, in the alternative, that the nonsuit occurred when they filed their voluntary dismissal of Mercy Hospital. In this case, the distinction between these two dates has no practical significance as they both lead to the result that the nonsuit occurred in July 2016. But as between these two dates, the nonsuit occurred when the First Amended Petition was filed because at that moment, Mercy Hospital was no longer a party to the case.

[8] *See Reese v. U.S. Fire Ins. Co.*, 173 S.W.3d 287, 293-94 (Mo. App. W.D. 2005); *Manes v. Depew*, 987 S.W.2d 527, 529 (Mo. App. E.D. 1999).

692. The Supreme Court of Missouri said the dismissal of the one defendant triggered the applicable savings clause and was properly considered a "nonsuit." *Id.* As in *Anderson*, Appellants "suffered a nonsuit" as to Mercy Hospital even while the lawsuit against Mercy Clinic and Dr. Dodson was still pending. Here, the substitution of Mercy Clinic for Mercy Hospital had the effect of dismissing the case as to Mercy Hospital and was therefore properly considered a "nonsuit" for purposes of the savings clause.

**C. Appellants commenced a new wrongful death action against Mercy Hospital within one year of the nonsuit.**

The Second Amended Petition was filed within one year after the nonsuit of the wrongful death action against Mercy Hospital. This pleading added Mercy Hospital as a defendant and sought to recover damages for Walker's wrongful death. That constituted the commencement of a new action against Mercy Hospital within the meaning of § 537.100.1. *See Mackey*, 438 S.W.3d at 472 (applying nearly identical language in § 516.230, the filing of an amended petition adding a defendant to a lawsuit after a prior voluntary dismissal fell squarely within the savings clause).

**D. This Court declines to apply principles of estoppel to its savings clause analysis.**

Mercy Hospital argues that the principles of "judicial estoppel" or "equitable estoppel" prevent this Court from finding in Appellants' favor. Specifically, Mercy Hospital argues that this Court should not permit Appellants to maintain a cause of action against Mercy Hospital after benefitting from the use of the Rule 55.33(c) substitution to bring Mercy Clinic into this case after the statute of limitations had run. The Supreme Court of Missouri has recently declined to read an equitable exception into the plain language of § 537.100, and we decline to create a similar exception here. *See Boland*, 471 S.W.3d at 713 (declining to create an exception to § 537.100 in cases of

8

fraudulent concealment); *but see* **State ex rel. Beisly v. Perigo**, 469 S.W.3d 434, 445 (Mo. banc 2015) (holding that the doctrine of equitable estoppel prevented a defendant from applying a statute of limitations defense under § 537.100 for actions fraudulently concealed).

## Conclusion

The trial court improperly granted summary judgment in favor of Mercy Hospital by finding the savings clause in § 537.100 inapplicable and improperly removed Mercy Hospital as a defendant in this case. We reverse and remand with instructions to reinstate Mercy Hospital as a defendant under the Second Amended Petition.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCURS AND FILES SEPARATE CONCURRING OPINION

WILLIAM W. FRANCIS, JR., P.J. – CONCURS



# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| LONDA L. SOFIA, et al., | ) |
| | ) |
|     Plaintiffs-Appellants, | ) |
| | ) |
| vs. | ) |
| | )   No. SD35572 |
| ROBERT W. DODSON, M.D., et al., | ) |
| | ) |
|     Defendants-Respondents. | ) |

## CONCURRING OPINION

Plaintiffs' two-step tactic effectively circumvents Rule 55.33(c)'s "party in-party out" limitation in seemingly legal fashion given current rules and statutes.[1] If so, it is resourceful lawyering within the confines of existing law and ends our inquiry because any resulting policy questions lie outside this court's domain. ***Wilder v. John Youngblood Motors, Inc.***, 534 S.W.3d 902, 913 & n.6 (Mo.App. 2017). I concur.

DANIEL E. SCOTT, J. – CONCURRING OPINION AUTHOR

---

[1] I find no support for Mercy's judicial-estoppel plea. Viewing the record in hindsight, one sees Plaintiffs' counsel speaking carefully in arguing for Rule 55.33(c) substitution, neither disclosing nor foreclosing a potential second step, and without crossing over into sharp practice.