

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| LARRY RICE, | ) | No. ED112264 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Craig E. Hellmann |
| MIDLAND STATES BANK, and | ) | |
| MIDLAND STATES BANCORP, INC., | ) | |
| | ) | |
| Respondents. | ) | FILED: July 16, 2024 |

### ORDER

The opinion filed in this case on June 11, 2024 is hereby withdrawn and a new opinion is to issue. Appellant's Motion for Rehearing is denied as moot.

Thomas C. Clark II, Chief Judge



# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| LARRY RICE, | ) | No. ED112264 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Craig E. Hellmann |
| MIDLAND STATES BANK, and | ) | |
| MIDLAND STATES BANCORP, INC., | ) | |
| | ) | |
| Respondents. | ) | FILED: July 16, 2024 |

## Introduction

Larry Rice ("Rice") raises five points on appeal challenging the circuit court's dismissal with prejudice of his action against Midland States Bank and Midland States Bancorp, Inc. (collectively, "Respondents"). The record is unclear whether the circuit court's order and final judgment related to Rice's initial petition or to his subsequently-filed amended petition, the latter of which became operative as a matter of law upon filing pursuant to Rule 55.33(a).[1] The circuit court may have erroneously entered judgment on the abandoned initial petition. Alternatively, the circuit court may have entered judgment on Rice's amended petition, but in doing so erroneously granted a motion to dismiss that was not filed against that amended petition. In light of the procedural confusion and inevitable error, we reverse and remand for further proceedings.

---

[1] All Rule references are to Mo. R. Civ. P. (2023).

Factual and Procedural History

Rice, acting pro se, filed a petition ("Initial Petition") in the circuit court following an alleged incident of check washing[2] involving DF Ingredients, Inc., a company with which Rice alleges to be associated as a shareholder, director, and CFO. Rice sought relief against Respondents in both an individual and derivative capacity. Respondents filed a Motion to Dismiss the Initial Petition on two grounds, arguing that either Rice lacked standing to bring his purported theft and fraud claims or, in the alternative, Rice failed to state a claim upon which relief could be granted. Before the circuit court ruled on the Motion to Dismiss, and before Respondents filed any responsive pleading, Rice filed a single pleading in which he sought leave to file a First Restated Verified Petition ("Amended Petition") and also opposed the Motion to Dismiss. Rice's filing included the Amended Petition. Respondents filed suggestions in opposition to Rice's motion for leave to amend, urging the circuit court to deny leave on the grounds that the proposed amendment would not cure the deficiencies of the original pleading. However, Respondents never filed a motion requesting dismissal of the Amended Petition.

Following a hearing, the circuit court granted Respondents' Motion to Dismiss for failure to state a claim with prejudice. Rice appealed from the order, and this Court remanded for lack of an appealable final judgment. The circuit court then denominated its dismissal a final judgment, and Rice filed this appeal.

Standard of Review

---

[2] Check washing is a fraudulent activity in which a check is stolen, often from the mail system, and then "washed" in a chemical solution to remove and replace the existing payee name and dollar amount. *Check Washing*, UNITED STATES POSTAL INSPECTION SERV., https://www.uspis.gov/news/scam-article/check-washing (last updated Oct. 23, 2023); *FinCen Alerts Banks to Nationwide Surge in Mail Theft-related Check Fraud Schemes*, FED. BANKING L. REP. (CCH) ¶ 158–770 (Feb. 27, 2023).

We review the circuit court's grant of a motion to dismiss de novo. Spurlock v. City of Columbia, 670 S.W.3d 151, 155 (Mo. App. W.D. 2023) (internal quotation omitted). "A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition." Id. (internal quotation omitted). Where the circuit court does not specify its reasons for granting a motion to dismiss a petition, we may affirm the decision on any grounds raised in the motion directed against that petition. Id. (internal quotation omitted).

Discussion

In order to review the circuit court's dismissal, we must know on which pleading the circuit court ruled. See id. While normally that requirement does not present a challenge to an appeal, such is not the case here where the parties disagree on which pleading the circuit court ruled when granting the Motion to Dismiss and issuing final judgment. Respondents maintain the circuit court ruled on the ***Initial Petition*** when it granted their Motion to Dismiss, which was filed against the Initial Petition. Rice counters that it is more reasonable to conclude that the circuit court ruled on the ***Amended Petition*** because the circuit court issued its dismissal following a hearing that was conducted ***after*** Rice filed the Amended Petition. In his reply brief, Rice reasons that the Initial Petition was abandoned upon his filing of the Amended Petition. The procedural posture of this matter—including the absence of any reference to the governing Rule 55.33(a) within the pleadings, within the circuit court's order and judgment, or within the appellate briefing—presents an uncertainty that undermines our ability to provide meaningful appellate review. The lack of clarity in the record requires remand, particularly because both parties' speculative interpretations suggest circuit court error. See J.M.L. v. Mo. State Highway Patrol, 674 S.W.3d 815, 817–18 (Mo. App. E.D. 2023) (reversing and remanding where an incomplete record prevented meaningful appellate review).

3

Respondents vigorously assert that the Initial Petition was the subject of the circuit court's dismissal because the circuit court never granted Rice's motion for leave to file the Amended Petition. Consequently, Respondents argue that we should dismiss this appeal under Rule 81.12 because Rice did not include the Initial Petition in the legal record before us.[3] The fallacy of Respondents' argument lies in the application of Rule 55.33(a), which deprives the circuit court the authority to reject Rice's filing of the Amended Petition. See McDonald v. City of Kansas City, 285 S.W.3d 773, 774 (Mo. App. W.D. 2009) (citing State ex rel. Bugg v. Roper, 179 S.W.3d 893, 894 (Mo. banc 2005) (per curiam); Breeden v. Hueser, 273 S.W.3d 1, 14 (Mo. App. W.D. 2008)).

Rule 55.33(a) permits a party to amend a petition "***once as a matter of course at any time before a responsive pleading is served[.]***" (Emphasis added). Notably, "[a] motion to dismiss is not a 'responsive pleading' which terminates a plaintiff's unilateral right to amend under Rule 55.33(a)." McDonald, 285 S.W.3d at 774 (citing Bugg, 179 S.W.3d at 894; Breeden, 273 S.W.3d at 14). Respondents' Motion to the Dismiss the Initial Petition was not a responsive pleading terminating Rice's unilateral right to amend. See id. Accordingly, Rice's Amended Petition became the operative petition in this action ***as a matter of course once filed.*** See id. (citing Rule 55.33(a)). This fact remains true even if the Amended Petition does not significantly differ from the Initial Petition, as Respondent maintains it does not, because "[i]t matters not that the amended petition duplicated allegations that had been in the earlier petition." Id. (internal quotation omitted). Consequently, at the time the circuit court granted Respondents' Motion to Dismiss, the Initial Petition had been abandoned and was no more than a "mere scrap of paper." See id. (internal quotation omitted) ("When an amended petition is filed, a former

---

[3] In response, Rice contends that because the circuit court ruled on the Amended Petition, his failure to include the abandoned Initial Petition in the appellate record is of no consequence.

4

petition becomes an abandoned pleading that receives no further consideration in the case."). Thus, if Respondents are correct in their assertion that the circuit court's order granting the Motion to Dismiss was a test of the adequacy of the Initial Petition rather than of the Amended Petition, then the circuit court erred in ruling on an abandoned petition that had not survived the application of Rule 55.33(a). See id.; see also Shelby v. Slepekis, 687 S.W.2d 231, 236 (Mo. App. W.D. 1985) (noting an adjudication cannot rest on an abandoned petition).

Unfortunately, the record lacks any suggestion as to whether the circuit court recognized the application of Rule 55.33(a) and its impact on the matters before it. Neither party discussed Rule 55.33(a) in their filings with the circuit court. The circuit court made no mention of Rule 55.33(a) in its order and judgment. In its briefing before this Court, Respondents maintain that the Initial Petition is the operative pleading on which the circuit court premised its dismissal. The record unquestionably undermines Respondents' position because the Amended Petition was filed before the circuit court entered its order and judgment of dismissal. If we presume, as we should, that the circuit court properly recognized that the Amended Petition was the operative pleading as a matter of course under Rule 55.33(a), then the circuit court could only dismiss the Amended Petition based on grounds raised *in a motion to dismiss the Amended Petition*. See Spurlock, 670 S.W.3d at 155 (internal quotation omitted); Shelby, 687 S.W.2d at 236. The record shows Respondents filed no such motion to dismiss the Amended Petition, nor did Respondents ask the circuit court to convert any of their previous filings into such a motion.[4]

---

[4] Respondents' opposition to Rice's request for leave to amend is inconsequential, because Rice was not required to seek leave to file an amended petition as Respondents had yet to file any responsive pleading. See McDonald, 285 S.W.3d at 774 (internal citations omitted). One might suggest that Rice invited error by seeking leave to amend the Initial Petition when leave was not required, thereby opening the door for the procedural confusion that followed. We are not persuaded, however, that Rice's action in seeking leave abrogates the responsibility of Respondents and the circuit court to recognize the application of Rule 55.33(a). While some prior case law suggested a motion to dismiss could constitute a responsive pleading, current jurisprudence clearly forecloses that proposition. See id. Whether Respondents have grounds to pursue a motion to dismiss the Amended Petition on remand is a matter for the circuit court to determine.

Given the inconclusive record before us, we cannot proceed in our review because we are unable to determine the operative pleading upon which the circuit court entered its order and judgment dismissing Rice's lawsuit.  See J.M.L., 674 S.W.3d at 817–18.  The circuit court erred if it premised its order and judgment upon the abandoned Initial Petition.  See Rule 55.33(a); Shelby, 687 S.W.2d at 236.  Because Respondents never moved to dismiss the Amended Petition, the circuit court likewise erred if it granted dismissal of the Amended Petition on grounds alleged only in the Motion to Dismiss the Initial Petition.  See Spurlock, 670 S.W.3d at 155 (internal quotation omitted); Shelby, 687 S.W.2d at 236.  We therefore are compelled to remand this caused to the circuit court for further proceedings in which the Amended Petition is deemed the operative petition in this action.

### Conclusion

The judgment of the circuit court is reversed.  The cause is remanded for further proceedings consistent with this opinion.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

6